**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ANNETTA LEE SMITH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-2741-SHL-tmp |
| ) | |
| XPO LOGISTICS, ) | |
| ) | |
|     Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING
SUMMARY JUDGMENT AND DISMISSING CASE**

Before the Court is Magistrate Judge Tu M. Pham's ("Magistrate Judge") Report and Recommendation ("Report") (ECF No. 34), filed February 25, 2021, recommending that the Court grant Defendant's Motion for Summary Judgment. (ECF No. 29.)

A magistrate judge may submit to a judge of the court proposed findings of fact, proposed conclusions of law and recommendations for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Plaintiff Annetta Lee Smith has filed no objections to the Magistrate Judge's Report, and the deadline to do so has passed. The Court has reviewed the Report for clear error and finds

none.[1]  Therefore, the Court **ADOPTS** the Magistrate Judge's Report and the case is **DISMISSED.**

    **IT IS SO ORDERED,** this 19th day of July, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes two clarifications to the Report.  First, the Court notes that the Master Temporary Services Agreement appears to be between New Breed Logistics and Kelly Services, Inc., not, as stated, between XPO Logistics and Kelly Services, Inc.  (ECF No. 34 at PageID 231; ECF No. 29-4 at PageID 174.)  Defendant XPO does not clarify the discrepancy.  (See ECF No. 29-4 at PageID 168 ("XPO has in place a Master Temporary Services Agreement with Kelly Services, Inc. a temporary staffing company.").)  However, the Court takes judicial notice that XPO acquired New Breed in 2014.  See XPO Logistics Completes Acquisition of New Breed, XPO LOGISTICS (Sept. 2, 2014), https://investors.xpo.com/news-releases/news-release-details/xpo-logistics-completes-acquisition-new-breed/.

Second, the Court notes that there is evidence in the record demonstrating that Plaintiff was subjected to sex-based harassment—Plaintiff sent an email to an XPO email address ("contact@xpo.com") on October 4, 2017, in which she stated that Manager Reginald Thompson "pushes and shoves people around like they are mannequins especially the women."  (ECF No. 29-6.)  However, Plaintiff sent this email before October 8, 2017, the date when XPO became her employer.  Thus, this email does not support a claim against XPO.  Whether Plaintiff's allegation would be sufficient to support a claim for sex-based harassment, in general, the Court does not have occasion to address.